43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derry Lorenzo WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy WILLIAMS, Defendant-Appellant.
 Nos. 92-5688, 92-5750.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 23, 1993.
Decided Nov. 16, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-92-126-S)
 Lawrence Barry Rosenberg, Rosenberg and Brown, P.A., Baltimore, MD; Jack B. Rubin, Baltimore, MD, for appellants.
 Gary P. Jordan, U.S. Atty., Philip S. Jackson, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Derry Lorenzo Williams (No. 92-5688) and Tracy Williams (No. 92-5750) (the "Williams Defendants") were convicted by a jury of distribution of heroin, a Schedule I narcotic substance, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846 (1988), and aiding and abetting in violation of 18 U.S.C. Sec. 2 (1988). In addition, Derry Williams was convicted by a jury of using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1993), and he pled guilty to 18 U.S.C.A. Sec. 922(g) (West Supp.1993), being a felon in possession of a firearm.* The Williams Defendants appeal their convictions, contending that the evidence was insufficient to support the convictions and that the district judge erred in failing to grant their motions for acquittal. We affirm on all counts.
 
 
 2
 The charges stem from an undercover purchase of two grams of heroin on March 24, 1992. Drug Enforcement Agent Charles Tomaszewski, assisted by confidential informant Rick Benson, negotiated with Darryl Bolling, a drug trafficker in the Baltimore area, for the purchase of heroin. On the agreed upon date, Benson met with Bolling at Bolling's residence and awaited the arrival of the heroin. Defendant Tracy Williams appeared at the residence at approximately 7:00 p.m. in a truck driven by Defendant Derry Williams. Benson testified at trial that he, Bolling, and Tracy Williams discussed the heroin deal that was to take place involving Tomaszewski and that the Williams Defendants had come to Bolling's house to deliver the heroin and consummate the deal.
 
 
 3
 Bolling called Tomaszewski and told him his "sources" were there and that he had the two ounces of heroin. Tomaszewski was not prepared to deal at that time, as he needed to complete the surveillance details. The Williams Defendants left with Bolling's beeper and returned later that evening after a call from Bolling, who said that Tomaszewski was there with the money for the heroin.
 
 
 4
 Several of the special agents on the scene and Benson testified that at the agreed upon time, Bolling approached the driver's side of the Williams Defendants' truck, which was stopped on the street. Benson testified he saw Bolling take a plastic bag from Derry Williams, the driver of the truck. Bolling then walked away from the truck toward Tomaszewski. When police moved in for arrests, Bolling ran and was seen by Special Agent Martin dropping a package which later was identified as approximately two ounces of heroin. Immediately prior to his arrest, Derry Williams was seen by another agent dropping a package containing heroin from the driver's window of the truck. A loaded .45 caliber handgun was found in a search of the Williams Defendants' truck. After his arrest, Derry Williams admitted to Tomaszewski that the gun belonged to him.
 
 
 5
 The Williams Defendants contend on appeal that Benson was an incredible witness because he was a paid informant who had been convicted of fraud, and that, consequently, no rational trier of fact could have found that the Williams Defendants conspired and distributed heroin. The Williams Defendants further contend that they were on the scene to perform repairs to Bolling's bathroom as part of Derry Williams's home repair business.
 
 
 6
 A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the defendants guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts established to those sought to be proven. Id. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 7
 In this case, substantial evidence supports the jury's findings that the Williams Defendants distributed and conspired to distribute heroin. No evidence appears in the record to contradict Derry Williams' admission that the gun seized from the truck after the arrest belonged to him. Consequently, Derry Williams's conviction pursuant to 18 U.S.C.A. Sec. 924(c) (West Supp.1993) was likewise based on substantial evidence. See United States v. Paz, 927 F.2d 176 (4th Cir.1991). We therefore affirm their convictions on all counts.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Derry Williams does not appeal his Sec. 922(g) conviction